1  MARC A. PILOTIN
   Regional Solicitor
2  ANDREW J. SCHULTZ
   Counsel for Wage and Hour
3  AFROZ BAIG
   EDUARD R. MELESHINSKY
4  Trial Attorneys
   HAILEY R. McALLISTER (CSBN 326785)
5  Senior Trial Attorney
   UNITED STATES DEPARTMENT OF LABOR
6  90 7th Street, Suite 3-700
   San Francisco, CA 94103-1516
7  Telephone: (415) 625-7743
   Baig.Afroz@dol.gov
8  *Attorneys for Plaintiff Julie A. Su,*
   *United States Acting Secretary of Labor*
9

10

11              IN THE UNITED STATES DISTRICT COURT

12                  FOR THE DISTRICT OF HAWAII

13

|  |  |
|---|---|
| 14  JULIE A. SU,<br>       Acting Secretary of Labor,<br>       United States Department of Labor, | Case No. 1:24-cv-00567 |
| 15 |  |
| 16                          Plaintiff, | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| 17        v. |  |
| 18  Alacrity Employment Services, Hawaii Care<br>and Cleaning, Inc., William Allen, and Amy<br>Galtes, | Date:       n/a<br>Time:       n/a<br>Judge: |
| 19                          Defendants. |  |

20

21

22        Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of

23  Labor ("Acting Secretary") and Defendants Alacrity Employment Services, Hawaii

24  Care and Cleaning, Inc., William Allen, and Amy Galtes ("Defendants") have

25  agreed to resolve the matters in controversy in this civil action and consent to the

26  entry of this Consent Judgment in accordance herewith:

27        I.    **STIPULATIONS BY THE PARTIES**

28        A.    The Acting Secretary filed a Complaint in the above-captioned

---

CONSENT JUDGMENT AND PERMANENT
INJUNCTION Case No. 1:24-cv-00567                                        Page 1

1 proceeding naming Defendants and alleging violations of the provisions of sections

2 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938,

3 as amended ("FLSA" or "Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2), 215(a)(3),

4 and 215(a)(5).

5      B.    Defendants have retained defense counsel and acknowledge receipt of

6 a copy of the Acting Secretary's Complaint in this action.

7      C.    Defendants waive issuance and service of process of the Summons

8 and Complaint and waive their response to the Acting Secretary's Complaint.

9      D.    The Acting Secretary conducted an investigation of the Defendants

10 pursuant to the FLSA covering the period of March 5, 2021, to November 13,

11 2024. The parties have agreed to settle and resolve all alleged FLSA violations

12 attributable to Defendants through this Consent Judgment.

13      E.    The Parties agree to waive findings of fact and conclusions of law and

14 agree to the entry of this Consent Judgment without further contest.

15      F.    Defendants admit that the Court has jurisdiction over the parties and

16 subject matter of this civil action and that venue lies in the District Court for the

17 District of Hawaii.

18      G.    Defendants acknowledge that Defendants and any individual, agent,

19 or entity acting on their behalf or at their direction has notice of, and understands,

20 the provisions of this Consent Judgment.

21      H.    Defendant Hawaii Care and Cleaning, Inc. is a company that provides

22 housekeeping and janitorial services to businesses, hotels, and resorts in Hawaii.

23      I.    Defendant Alacrity Employment Services was a sole proprietorship

24 started by Amy Galtes at the direction of William Allen to provide labor to Hawaii

25 Care and Cleaning, Inc.

26      J.    Defendant William Allen is the owner of Hawaii Care and Cleaning,

27 Inc. He operated and controlled Hawaii Care and Cleaning, Inc. for the common

28 business purpose of providing housekeeping and janitorial services to businesses,

1  hotels, and resorts in Hawaii. He is also the individual that directed and paid

2  Defendant Amy Galtes a salary to start and operate Alacrity Employment Services.

3       K.    Amy Galtes is the individual that started and operated Alacrity

4  Employment Services at the direction of William Allen for the common business

5  purpose of providing housekeeping and janitorial workers to Hawaii Care and

6  Cleaning, Inc.

7       L.    Defendants admit that their activities constitute and at all relevant

8  times have constituted related activities performed through unified operation or

9  common control for a common business purpose, and are and all relevant times

10  have been an "enterprise" as defined in the FLSA Section 3(r), 29 U.S.C. § 203(r).

11       M.    Defendants admit that the Enterprise engaged in commerce or in the

12  production of goods for commerce, or in handling, selling, or otherwise working

13  on goods or materials which have been moved or produced in commerce.

14  Defendants further admit that said Enterprise has at all times material an annual

15  gross volume or sales made or business done of no less than $500,000.00. As a

16  result, said Enterprise constitutes, an "enterprise engaged in commerce or in the

17  production of goods for commerce" as defined by Section 3(s), 29 U.S.C. § 203(s);

18  and that, as such, Defendants are subject to the provisions of the FLSA.

19       N.    Defendants admit that Defendant William Allen at all relevant times

20  has acted directly or indirectly in the interests of Hawaii Care and Cleaning, Inc.

21  and Alacrity Employment Services, in relation to their employees in that he

22  directly or indirectly sets and/or oversees their wages, hours, and working

23  conditions. Defendant William Allen is, therefore, an employer within the meaning

24  of FLSA Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and individually liable for

25  the back wages and liquidated damages owed to employees of Hawaii Care and

26  Cleaning, Inc. and Alacrity Employment Servies under Section 3(d) of the FLSA.

27       O.    Defendants admit that Defendant Amy Galtes at all relevant times has

28  acted directly or indirectly in the interests of Hawaii Care and Cleaning, Inc., and

1   Alacrity Employment Services, in relation to their employees in that she directly or

2   indirectly sets and/or oversees their wages, hours, and working conditions. Amy

3   Galtes is, therefore, an employer within the meaning of FLSA Section 3(d) of the

4   FLSA, 29 U.S.C. § 203(d), and individually liable for the back wages and

5   liquidated damages owed to employees of Hawaii Care and Cleaning, Inc. and

6   Alacrity Employment Servies under Section 3(d) of the FLSA.

7        P.    Alacrity Employment Services is no longer in operation and has

8   terminated all the individuals it hired as independent contractors. To the extent that

9   any of the individuals listed on Exhibit A is not currently classified as an

10  "employee" under Section 3(e) of the Act, 29 U.S.C. § 203(e), Defendant has

11  agreed to reclassify its housekeeping and janitorial workers as "employees"

12  pursuant to 29 U.S.C. § 203(e).

13       Q.    Defendants admit to willfully violating sections  7, 11(c), 15(a)(2),

14  15(a)(3), and 15(a)(5) 29 U.S.C. §§  207, 211(c), 215(a)(2), 215(a)(3), and

15  215(a)(5), during the period of March 5, 2021, to November 13, 2024, by

16  misclassifying housekeeping and janitorial employees as independent contractors;

17  failing to pay their hours for hours worked in a workweek in excess of 40 hours at

18  a rate not less than one and one-half times the regular rates at which they were

19  employed; altering or manipulating employee time and attendance or payroll

20  records to reduce the number of hours actually worked by an employee and/or

21  deducting time for which payment was owed as unpaid time; failing to maintain,

22  keep, and preserve accurate records of employees and of the wages, hours and

23  other conditions and practices of employment.

24       R.    Defendants understand and expressly acknowledge that it is "unlawful

25  for any person . . . to discharge or in any other manner discriminate against any

26  employee because such employee has filed any complaint or instituted or

27  caused to be instituted any proceeding under [the FLSA], or has testified or is

28  about to testify in any such proceeding . . . ." 29 U.S.C. § 215(a)(3). Defendants

understand and expressly acknowledge that it is illegal to retaliate in any manner against any employee, including employees named in the Acting Secretary's Complaint, because they have participated, or Defendants believe they have participated, in these proceedings by *inter alia* talking to or providing information to the Acting Secretary's representatives, making a wage-related complaint to a government agency or to the employer, or in any other way pursuing their rights under the FLSA. Defendants understand and expressly acknowledge that such unlawful retaliation may include, but is not limited to firing, disciplining, or reducing pay, because of the employee's protected conduct, or protected conduct in which Defendants believe the employee engaged. Defendants further understand and expressly acknowledge that taking any retaliatory actions against any employee or person in violation of the FLSA and the express terms of this Consent Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

S. Defendants agree that within 30 days of the entry of this Consent Judgment and Permanent Injunction, they will ensure that current housekeeping and janitorial employees, listed on the attached Exhibit A, are classified as employees, and further, that they will afford such individuals all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act. Defendants further represent and agree that they will classify as employees any future housekeeper or janitorial workers performing duties that are operationally consistent with those of current janitorial workers classified as employees.

T. Defendants confirm, by signing the instant Consent Judgment and Permanent Injunction, that they no longer alter the time records of employees resulting in violations of the FLSA. This includes, but is not limited to failure to account for travel time as time worked; deducting meal break times for employees when such meal breaks have not been taken by the employee; treating

1    compensable paid rest breaks as uncompensated; altering the start or end times of

2    employee breaks absent confirmation by the affected employee that such alteration

3    must be made to correct an error ; and altering the start or end times of a work day

4    for an employee absent confirmation by the affected employee that such alteration

5    must be made to correct an error.

6    ## II.    PERMANENT INJUNCTION

7        **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that,

8    pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers,

9    agents, servants, employees, successor companies, parties in interest, and all

10    persons and entities acting at their direction or in concert or participation with it,

11    are permanently enjoined and restrained from violating the FLSA, including

12    through any of the following manners:

13        1.    Defendants shall not, contrary to the FLSA § 7 and 15(a)(2), 29

14    U.S.C. §§ 207 and 215(a)(2), employ any employee who in any workweek is

15    engaged in commerce or the production of goods for commerce, or who are

16    employed in an enterprise engaged in commerce or the production of goods for

17    commerce, within the meaning of the FSLA § 3(s), for any workweek longer than

18    40 hours unless such employee (a) receives compensation for their employment in

19    excess of 40 hours in such workweek at a rate not less than one and one-half times

20    the regular rate at which they are employed; or (b) is legally exempt under

21    applicable law from receiving overtime pay.

22        2.    Defendants shall not, contrary to FLSA §§ 6 and 15(a)(2), 29 U.S.C.

23    §§ 206, 215(a)(2), pay any of their employees who in any workweek are engaged

24    in commerce or in the production of goods for commerce or who are employed in

25    an enterprise engaged in commerce within the meaning of the FLSA, wages at a

26    rate of less than the local prevailing minimum wage, which cannot be less than

27    $7.25 per hour (or at a rate less than such other applicable minimum rate as may

28    hereafter be established by amendment to the FLSA).

3.      Defendants shall not fail to make, keep, make available to authorized agents of the Acting Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4.      Defendants shall amend and maintain its payroll practices as follows with respect to all employees subject to minimum wage or minimum wage and overtime provisions pursuant to FLSA section 6 or sections 6 and 7(a), if not already in effect at the time of entry of this Consent Judgment:

a.      Defendants shall accurately record the information required by 29 C.F.R. 516.2 in the payroll records , including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the total weekly straight-time earnings for the hours worked during the workweek; (4) the total premium pay for overtime hours, if any;

b.      Defendants shall ensure that employees' pay stubs show hourly pay rates, all hours worked in the applicable workweek(s), any premium pay including overtime calculations, and all deductions.

c.      Defendants shall maintain all time and payroll records for a period of not less than three years.

d.      Defendants shall record all wages paid to employees, regardless of the manner of payment, on their payroll records, and any expense reimbursements must be recorded in Defendants' accounting system.

e.      Defendants shall not alter or manipulate time and attendance or payroll records to reduce the number of hours actually worked by an employee.

f.      Defendants shall not request, require, or otherwise cause employees to sign inaccurate time records.

g.      Defendants shall not deduct compensable short work breaks as unpaid time.

h.      Defendants shall inform all supervisors and managers performing payroll duties of the requirements of this Consent Judgment and Permanent Injunction and shall provide a copy of this Consent Judgment and Permanent Injunction to all supervisors and managers performing payroll duties.

5.      Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages from any of the employees listed on the attached Exhibit A. Defendant shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment and Permanent Injunction. Nor shall Defendants accept, or receive from any employee or individual listed in Exhibit A, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment of the FLSA. Violation of this Paragraph may subject the Defendant to equitable and legal damages, including punitive damages and civil contempt.

6.      Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their right under the FLSA or provides information to any public agency investing compliance with the FLSA. Violation of this Paragraph may subject the Defendant to equitable and legal damages, including punitive damages and civil contempt.

7.      Defendants shall, at their expense, in a local newspaper of general circulation, publish a notice, approved by the Acting Secretary, within 30 days of the date of this judgment reminding business owners of their obligations to ensure

janitorial and custodial workers are classified as employees, as appropriate, and the protections afforded to such employees under the FLSA, which cannot be limited by state or local law.

8.    Defendants, jointly and severally, shall not continue to withhold payment of **$1,900,000 (One Million Nine Hundred Thousand Dollars)** which represents the minimum wage and overtime compensation hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of March 5, 2021, to November 13, 2024, ("Back Wage Accrual Period"), to employees named in the attached Exhibit A in the amount set forth therein.

9.    Within 30 days of the entry of this Consent Judgment, Defendant William Allen shall execute a deed of trust on the property known as, 15 Surfside Avenue, Unit A, Surfside CA 90743, as prepared by the Secretary, which the Secretary will then record to secure the payments described in paragraph 14. This deed of trust shall be recorded against real property owned by William Allen, either directly or through an entity of which he is the owner and officer. This property shall not be encumbered and shall have sufficient equity to satisfy the judgment amount of $3,850,000 plus interest against Defendants. The Acting Secretary shall record the deed of trust attached as Exhibit B once signed. Defendants agree not to further encumber the property until the deed of trust is recorded. If Defendants default on their payment obligations, they shall be given 30 days' written notice to cure the default (served electronically to Defendants' counsel of record). If Defendants fail to cure their default, Defendants will cooperate with and assist the Acting Secretary in executing on the deed of trust. Within 30 days of Defendants satisfying the payment obligations of the Consent Judgment, including any interest or penalties for paying the amount due late, Defendants shall present to the Acting Secretary for signature with a deed of reconveyance to effectuate the cancellation and removal of the deed of trust

1  associated with this Consent Judgment. Defendants will then record the deed of

2  reconveyance to terminate the Acting Secretary's deed of trust.

3      10.   Within 30 days of the entry of this Consent Judgment and Permanent

4  Injunction, Defendants must classify as employees all workers performing

5  housekeeping and janitorial services for them, including those listed on Exhibit A.

6  Defendants must not misclassify such workers as independent contractors. These

7  obligations apply regardless of whether Defendants obtain workers' services

8  through a third-party.

9      11.   On at least an annual basis, Defendant shall hire an independent third-

10 party to conduct supervisor training as to the requirements of the FLSA, which

11 may be conducted via live webinar and includes training conducted by Defendant's

12 outside legal counsel. The training shall be for one session of not less than one

13 hour with an opportunity for questions and answers and shall address the FLSA's

14 minimum wage, overtime, record keeping, and anti-retaliation requirements, and

15 the FLSA's requirements for classifying workers as employees vs. independent

16 contractors. All supervisors and employees who determine Defendants'

17 employees' pay or schedules, perform timekeeping activities for Defendants, or

18 who prepare payroll shall attend this training. This provision shall be in effect for a

19 period of three (3) years from the date of entry of this Judgment by the Court.

20     12.   Within thirty (30) days of the entry of this Judgment, Defendants shall

21 supply their current housekeeping and janitorial workers with copies of the

22 attached Exhibit B. In addition, Defendants shall, for one year from the date of the

23 entry of this Judgment, post a copy of Exhibit B at work locations where it is

24 visible to employees.

25     13.   Within thirty (30) days of the entry of this Judgment, Defendants shall

26 read the following statement to employees during an all-staff meeting. Defendants

27 shall send notice of the time(s) and date(s) of this meeting to

28 Trotter.Terence@dol.gov, Kirk.Min@dol.gov, and Baig.Afroz@dol.gov, three

days prior to the scheduled meeting(s) so that a U.S. Department of Labor Representative may attend.

> Statement to be read to employees: Your employer must pay you for all hours you work, including time and a half pay for overtime when you work more than 40 hours in a work week. Your hours worked include all the time that you are not free from work duties. Your employer must correctly record and report each hour you work, and all pay you receive. Your employer cannot threaten you or take any action against you for speaking to the Department of Labor. It is also illegal for anyone to force you to sign a document with false information about the hours you work, the pay you receive, or anything else related to your rights under the Fair Labor Standards Act. If you think your employer has not correctly paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE (1-866-487-9243).

## III.   **JUDGMENT AND ORDER**

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) and 16(e) of the FLSA, 29 U.S.C. § 216(c), (e), in favor of the Acting Secretary and against Defendants in the amount of **$3,850,000 (Three Million Eight Hundred and Fifty Thousand Dollars)**, consisting of $1,900,000 in back wages, $1,900,000 in liquidated damages, and $50,000 in civil money penalties.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

14.   Defendants shall:

a.  Pay the monies owed above as follows: Defendants shall pay an initial payment in the amount of **$500,000 (Five Hundred Thousand Dollars)** no later than 15 days after entry of this Consent Judgment. This payment shall be applied to the liquidated damages owed. Defendants shall pay the remaining balance of **$3,350,000 (Three Million Three Hundred and Fifty Thousand**

---

CONSENT JUDGMENT AND PERMANENT INJUNCTION
Case No. [Case Number]                                                                                  Page 11

**Dollars)** plus interest at a rate of 4%, consisting of liquidated damages, back wages, and civil money penalties. Beginning February 1, 2025, and continuing through May 1, 2028, the remaining payments shall be made in twenty-eight equal monthly installments of $125,512.18. The payments, which include interest, will be applied first to liquidated damages, next to back wages, and the final $50,000 will be applied to civil money penalties:

b. Defendant shall make a payments online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment – WE Region." Payments shall reference Case Number # [INSERT].

15. Within 180 days of the entry of this Consent Judgment, the Acting Secretary shall file an Exhibit A to this Consent Judgment which will identify the amounts of back wages, liquidated damages and interest owed to each employee. These amounts shall be determined at the sole discretion of the Acting Secretary.

16. The Acting Secretary shall allocate and distribute the funds described in paragraph 14 less deductions made by the Acting Secretary for employees' share of payroll taxes and income tax withholdings. Any monies not distributed to employees within (3) years from the date of the Acting Secretary's receipt of the settlement payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Acting Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c). Defendants shall deposit the employer's portion of payroll taxes with the relevant taxing authorities.

17. In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage provisions of this Judgment

which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Acting Secretary's sending by ordinary mail a written demand of the last business address of Defendant then known to the Acting Secretary with electronic copies also concurrently e-served on Defendant's counsel of record. Upon the Acting Secretary's request, the Court will issue an amended judgment reflecting the amounts due based on Defendants' default.

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified therein, nor as to any employer other than Defendants.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1   **IT IS FURTHER ORDERED** that each party shall bear their own fees,

2   costs, and other expenses incurred by such party in connection with any stage of

3   this proceeding, including but not limited to attorneys' fees, which may be

4   available under the Equal Access to Justice Act, as amended, to the date of entry of

5   the Judgment herein

6   **IT IS SO ORDERED**

7

8

9   Dated:  ___1/14/2025___

10                                                          U.S. DISTRICT COURT JUDGE

11   STIPULATED BY:

12

13   DATED: December 20, 2024          SEEMA NANDA
                                        Solicitor of Labor
14                                      MARC A. PILOTIN
                                        Regional Solicitor
15                                      ANDREW J. SCHULTZ
16                                      Counsel for Wage and Hour

17

18                                      */s/Eduard R. Meleshinsky*
                                        Eduard R. Meleshinsky
19                                      AFROZ BAIG
20

21                                      *Attorneys for Plaintiff, Acting U.S.*
                                        *Secretary of Labor*
22

23

24

25   DATED: _____              _____
                                        Barry D. Kellman
26                                      Kellman & Kleiman
                                        12100 Wilshire Blvd.
27                                      8th Floor
28                                      Los Angeles, CA 90025

---

CONSENT JUDGMENT AND PERMANENT INJUNCTION
Case No. [Case Number]                                          Page 14

1    **IT IS FURTHER ORDERED** that each party shall bear their own fees,

2    costs, and other expenses incurred by such party in connection with any stage of

3    this proceeding, including but not limited to attorneys' fees, which may be

4    available under the Equal Access to Justice Act, as amended, to the date of entry of

5    the Judgment herein

6    **IT IS SO ORDERED**

7

8

9    Dated: _____                    _____

10                                             U.S. DISTRICT COURT JUDGE

11   STIPULATED BY:

12
     DATED: _____                        SEEMA NANDA
13                                             Solicitor of Labor
14                                             MARC A. PILOTIN
                                               Regional Solicitor
15                                             ANDREW J. SCHULTZ
16                                             Counsel for Wage and Hour

17

18                                             _____
19                                             **AFROZ BAIG**
                                               **HAILEY R. McALLISTER**
20                                             *Attorneys for Plaintiff, Acting U.S.*
21                                             *Secretary of Labor*

22

23

24   DATED: *12-20-24*                         _____
25                                             Barry D. Kellman
                                               Kellman & Kleiman
26                                             12100 Wilshire Blvd.
                                               8th Floor
27                                             Los Angeles, CA 90025
28

---

CONSENT JUDGMENT AND PERMANENT INJUNCTION
Case No. [Case Number]                                              Page 14

1
2
3
4
5
6
7    DATED: _12/20/2024_
8

Jeffrey S. Harris
Torkildson Katz
700 Bishop Street
15th Floor
Honolulu, HI 96813

*Attorneys for Defendants*

William Allen, Individually

9
10    DATED: _12/20/2024_
11
12

William Allen, on behalf of
Defendant Hawaii Care and Cleaning,
Inc.

13
14    DATED: _12/20/2024_
15
16
17
18

William Allen, on behalf of Alacrity
Employment Services

19    DATED: _____
20
21
22

Amy Galtes, Individually

23    DATED: _____
24
25
26
27
28

Amy Galtes, on behalf of Alacrity
Employment Services

1

2  Jeffrey S. Harris
   Torkildson Katz
3  700 Bishop Street
   15th Floor
4  Honolulu, HI 96813

5  *Attorneys for Defendants*

6

7  DATED: _____

8                              _____
                               William Allen, Individually
9

10 DATED: _____

11                             _____
                               William Allen, on behalf of
12                             Defendant Hawaii Care and Cleaning,
                               Inc.
13

14 DATED: _____

15                             _____
                               William Allen, on behalf of Alacrity
16                             Employment Services

17

18

19 DATED: 12/20/2024           *Amy Galtes*
                               _____
20                             Amy Galtes, Individually

21

22

23 DATED: 12/20/2024           *Amy Galtes*
                               _____
24                             Amy Galtes, on behalf of Alacrity
                               Employment Services
25

26

27

28

---

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**
Case No. [Case Number]                                    Page 15